**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL., Plaintiffs, v. CREDIT SUISSE GROUP AG, ET AL., Defendants. | Master File No. 1:11-md-2262-NRB<br>ECF Case |
| METZLER INVESTMENT GMBH, ET AL., Plaintiffs, v. CREDIT SUISSE GROUP AG, ET AL., Defendants. | |
| GELBOIM, ET AL., Plaintiffs, v. CREDIT SUISSE GROUP AG, ET AL., Defendants. | |
| CHARLES SCHWAB BANK, N.A., ET AL., Plaintiffs, v. BANK OF AMERICA CORPORATION, ET AL. Defendants. | **ORAL ARGUMENT REQUESTED** |
| SCHWAB MONEY MARKET FUND, ET AL., Plaintiffs, v. BANK OF AMERICA CORPORATION, ET AL., Defendants. | |
| SCHWAB SHORT-TERM BOND MARKET FUND, ET AL., Plaintiffs, v. BANK OF AMERICA CORPORATION, ET AL., Defendants. | |

**DEFENDANT CREDIT SUISSE GROUP AG'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Cases** **Page**

*Ashcroft* v. *Iqbal,* 556 U.S. 662 (2009) ........ 2

*Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544 (2007) ........ … 2, 5

*In re Crude Oil Commodity Litigation,* No. 06 Civ. 6677, 2007 WL 1946553 (S.D.N.Y. June 28, 2007)........ 4

*Turkmen* v. *Ashcroft,* 589 F.3d 542 (2d Cir. 2009) ........ 2

*Williams* v. *Citigroup, Inc.,* No. 08 Civ. 9208, 2009 WL 3682536 (S.D.N.Y. Nov. 2, 2009), *aff'd in relevant part*, 433 Fed. Appx. 36 (2d Cir. 2011) ........ 3

Credit Suisse Group AG ("Credit Suisse") joins in the consolidated memoranda submitted by all Defendants (the "Joint Briefs")[1] but submits this supplemental memorandum in support of its motion to dismiss the six amended complaints filed in this consolidated proceeding (the "Amended Complaints" or the "Complaints")[2] to address issues specific to Credit Suisse.

**PRELIMINARY STATEMENT**

For the reasons set forth in the Joint Briefs, all claims in the Amended Complaints should be dismissed as to all Defendants for a variety of reasons. As a result of Credit Suisse's unique circumstances, however, there are also additional reasons why the Plaintiffs' Complaints must be dismissed as to Credit Suisse specifically. In particular, the Amended Complaints mention Credit Suisse very rarely and, when they do, the allegations actually run counter to the fundamental premise on which Plaintiffs' entire case is predicated – that the Defendants as a group understated their borrowing costs to the British Bankers' Association ("BBA") to (1) improve public perception of their creditworthiness and (2) profit on LIBOR-based financial instruments.

Plaintiffs' own allegations demonstrate that Credit Suisse had no need to improve public perception of its creditworthiness because it "was perceived to be in better shape" than other banks. And while Plaintiffs assert that some banks supposedly would have profited from a decrease in interest rates generally, they do not and cannot make those same allegations against Credit Suisse. Credit Suisse simply does not fit the Plaintiffs' paradigm, a fact that Plaintiffs effectively concede by using Credit Suisse's LIBOR submissions as a benchmark by which other

---

[1] The Joint Briefs are: (1) Memorandum in Support of Defendants' Motion to Dismiss Antitrust Claims; (2) Memorandum of Law in Support of Defendants' Motion to Dismiss the Exchange-Based Plaintiffs' Claims; and (3) Memorandum of Law in Support of Defendants' Motion to Dismiss the Schwab Plaintiffs' Amended Complaints.

[2] The six Complaints are: the Exchange-Based Plaintiff Amended Consolidated Class Action Complaint ("OEAC"); Mayor and City of Baltimore, *et al*. Consolidated Amended Complaint ("OTCAC"); Gelboim and Zacher First Amended Class Action Complaint ("GZAC"); Charles Schwab Bank, *et al.* Amended Complaint ("SBAC"); Schwab Money Market Fund, *et al.* Amended Complaint ("SMAC"); and the Schwab Short-Term Bond Market Fund, *et al.* Amended Complaint ("SSTBAC").

banks' submissions are measured. The few allegations leveled against Credit Suisse in the Amended Complaints either undermine Plaintiffs' allegations of wrongdoing or are legally irrelevant. Thus, the claims against Credit Suisse should be dismissed.

**ARGUMENT**

The allegations in this case against Credit Suisse fail to satisfy the pleading requirements of *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007) and *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009), particularly in the context of an antitrust case, "where factual amplification is needed to render a claim plausible." *Turkmen* v. *Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (citation and internal quotation marks omitted). Here, as outlined in the Joint Briefs, Plaintiffs' factual allegations fail to meet the plausibility standard as to any of the Defendants. They are particularly deficient, however, with respect to Credit Suisse.

As an initial — and dispositive — matter, *Plaintiffs' fundamental theory of the case does not apply on its face to Credit Suisse*. Plaintiffs allege that the Defendants understated their borrowing costs to the BBA to (1) improve public perception of their creditworthiness and (2) suppress LIBOR in order to profit on LIBOR-based financial instruments.[3] But the facts alleged in the Complaints provide no plausible basis for asserting that Credit Suisse had either motive.

Plaintiffs fail to allege *any* facts showing that Credit Suisse needed to bolster perceptions of its creditworthiness. In fact, the allegations suggest the contrary: Plaintiffs themselves stress that Credit Suisse "was perceived to be in better shape" and seen as less "likely to renege on its debts" than other banks.[4] In fact, the Complaints even use Credit Suisse's submissions as a benchmark for measuring the accuracy of LIBOR quotes from other banks.[5] In addition,

---

[3] OEAC ¶¶46-47; *see also* OTCAC ¶¶52-53; GZAC ¶¶68-69; SBAC ¶¶37-38; SMAC ¶¶41-42; SSTBAC ¶¶37-38.

[4] SBAC ¶79; *see also* OEAC ¶89; OTCAC ¶95; GZAC ¶77; SMAC ¶83; SSTBAC ¶79.

[5] *See* OEAC ¶98, Table at p. 58; OTCAC ¶104, Table at p.51; GZAC ¶¶86-87, Table at p. 47; SBAC ¶88, Table at p. 49; SMAC ¶92, Table at p. 49; SSTBAC ¶88, Table at p. 49 (using Credit Suisse as a benchmark for measuring accuracy of another bank's submission).

Plaintiffs notably leave Credit Suisse out of any portions of the Complaints concerning banks alleged to have experienced serious financial strain at any point during the Class Period.[6]

Plaintiffs' allegations fare no better with regard to their second theory of the case — that Defendants suppressed USD LIBOR in order to make a profit. While Plaintiffs identify several banks that allegedly would have profited from a decrease in interest rates generally due to their interest rate exposure, Credit Suisse is notably absent from those allegations.[7] Plaintiffs nowhere allege that Credit Suisse was a net borrower that stood to gain from a decrease in LIBOR.

Given that both of Plaintiffs' theories as to the motivation for the alleged misconduct are unsupported as to Credit Suisse, dismissal is required. Where "a careful review of the theoretical underpinnings of Plaintiff's allegations cut[s] against their plausibility," such claims must be dismissed. *Williams* v. *Citigroup, Inc.*, No. 08 Civ. 9208, 2009 WL 3682536, at *4 (S.D.N.Y. Nov. 2, 2009), *aff'd in relevant part*, 433 Fed. Appx. 36 (2d Cir. 2011).

Beyond the inapplicability of Plaintiffs' core theory to Credit Suisse, Plaintiffs also fail to allege facts showing that Credit Suisse understated its anticipated borrowing costs to the BBA. Credit Suisse is not specifically alleged to have submitted inaccurate quotes,[8] have cross-currency discrepancies in its LIBOR submissions,[9] or have "bunched" its submissions near the fourth-lowest quote of the day during the Class Period.[10] Credit Suisse is not alleged to have materially increased its U.S. Dollar LIBOR submissions after publication of the April 17, 2008 *Wall Street Journal* article questioning the accuracy of LIBOR.[11] Nor is Credit Suisse

---

[6] OEAC ¶¶122-32; OTCAC ¶¶128-38; GZAC ¶¶112-20; SBAC ¶¶105-15; SMAC ¶¶109-19; SSTBAC ¶¶105-15.

[7] OEAC ¶47; OTCAC ¶53; GZAC ¶69; SBAC ¶38; SMAC ¶42; SSTBAC ¶38. As shown in the Joint Briefs, Plaintiffs' allegations as to any Defendants' alleged economic motivation for lower interest rates are conclusory and insufficient to state a plausible claim for relief. *See* Joint Antirust Br. at 16 n.15; Joint CEA Br. at Section III.A.4.

[8] OEAC ¶90; OTCAC ¶96; GZAC ¶78; SBAC ¶80; SMAC ¶84; SSTBAC ¶80.

[9] OEAC ¶98; OTCAC ¶104; GZAC ¶¶86-87; SBAC ¶88; SMAC ¶92; SSTBAC ¶88.

[10] OEAC ¶¶99-107; OTCAC ¶¶105-13; GZAC ¶¶88-97; SBAC ¶¶89-97; SMAC ¶¶93-101; SSTBAC ¶¶89-97.

[11] OEAC ¶118; OTCAC ¶124; GZAC ¶108; SBAC ¶185; SMAC ¶189; SSTBAC ¶185.

implicated in any of Plaintiffs' allegations regarding government investigations into alleged manipulation of Yen LIBOR — which is, of course, legally irrelevant to an alleged conspiracy concerning USD LIBOR anyway.[12]

The few allegations that actually reference Credit Suisse are insufficient to state a claim. Plaintiffs principally rely on the fact that the Swiss Competition Commission has commenced an investigation involving eleven banks, including Credit Suisse, concerning alleged agreements to influence unspecified LIBOR rates.[13] But allegations of government investigations alone fail to state a claim as a matter of law — and are even routinely stricken — particularly when, as here, the allegations are predicated on fraud and subject to Rule 9(b) pleading requirements. *See* Joint Antitrust Brief at Section I.D. As this Court aptly noted, "[p]laintiffs cannot be permitted to free ride off the press or complaints of other parties filing similar lawsuits, but instead must prove to the court that their complaint is backed by specific facts supporting a strong inference of fraud." *In re Crude Oil Commodity Litigation*, No. 06 Civ. 6677, 2007 WL 1946553, at *8 (S.D.N.Y. June 28, 2007) (citation and internal quotation marks omitted).

Plaintiffs also cite several newspaper articles that mention Credit Suisse in hopes of implying that Credit Suisse engaged in misconduct. None of these articles, however, even remotely suggests that Credit Suisse submitted inaccurate quotes to the BBA. To the contrary, in at least one article, a Credit Suisse employee notes that lower LIBOR rates were likely the product of the availability of cheap funds, not misrepresentations to the BBA.[14] While another Credit Suisse employee stated that LIBOR itself may have been too low, he made no statements

[12] OEAC ¶¶154-59, 166-81; OTCAC ¶¶159-64, 172-86; GZAC ¶¶142-45, 152-65; SBAC ¶¶137-42, 149-63; SMAC¶¶ 141-46, 153-67; SSTBAC ¶¶137-42, 149-63.

[13] OEAC ¶160; OTCAC ¶165; GZAC ¶146; SBAC ¶143; SMAC ¶147; SSTBAC ¶143.

[14] *See* OEAC ¶192; OTCAC ¶194; GZAC ¶190; SBAC ¶177; SMAC ¶181; SSTBAC ¶177.

about the accuracy of Credit Suisse's submissions.[15] In the end, there are simply no facts alleged in the Complaints that plausibly suggest that Credit Suisse understated its borrowing costs.

In sum, the only reason Credit Suisse has been named as a Defendant in this litigation is that it was a member of the BBA's U.S. Dollar LIBOR panel. Such a one-size-fits-all approach to litigation — fueled by general allegations concerning the actions of "Defendants" and devoid of allegations specific to Credit Suisse — is insufficient to state a claim. *See Twombly*, 550 U.S. at 567 n.12 (stating that one should not be haled into court based on allegations of conspiracy arising from membership in a trading guild).

## CONCLUSION

For the foregoing reasons, all claims against Credit Suisse should be dismissed with prejudice.

June 29, 2012

Respectfully submitted,

/s/ Herbert S. Washer

Herbert S. Washer
Elai Katz
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
(212) 701-3000
hwasher@cahill.com
ekatz@cahill.com
jkurtzberg@cahill.com

Richard Schwed
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000
richard.schwed@shearman.com

*Counsel for Defendant Credit Suisse Group AG*

[15] *See* OEAC ¶46; OTCAC ¶52; GZAC ¶68; SBAC ¶37; SMAC ¶41; SSTBAC ¶37.