```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
In re:

LIBOR-Based Financial Instruments            MEMORANDUM AND ORDER
Antitrust Litigation.
                                              11 MD 2262 (NRB)
                                              11 CV 5450 (NRB)
This Document Applies to:                     11 CV 2613 (NRB)
OTC Plaintiff Action                          12 CV 5723 (NRB)
Exchange-Based Plaintiff Action
Lender Plaintiff Action
-----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

We have reviewed the letter of Over-the-Counter plaintiffs, Exchange-Based plaintiffs, and Lender plaintiffs (together, "plaintiffs") asking that this Court compel third party Tradition America LLC ("Tradition America") to produce documents ("Pls.' Letter," ECF No. 1554), as well as Tradition America's response ("Tradition Letter," ECF No. 1571). Having done so, we deny plaintiffs' request, without prejudice to the filing of another submission consistent with this Order.

First, plaintiffs have not made a sufficient showing that Tradition America's business model would position it to know USD LIBOR submissions in advance, or that Tradition America is a hub through which banks would exchange prospective USD LIBOR rates. Plaintiffs claim in their submission that "there is direct evidence of Tradition[ America]'s involvement in the conspiracy to suppress LIBOR," Pls.' Letter at 1, but they have not

1

provided any such evidence to the Court. We are certainly willing to receive such evidence, with the reminder that the showing must pertain to U.S. Dollar LIBOR. If plaintiffs believe that any documents must be submitted to the Court under seal, Pls.' Letter at 3, a sufficient showing must also be made for such a submission.

Second, we have concerns about the breadth of the requests. As they are currently framed, Pls.' Letter at 2, documents such as newspaper articles and analyst reports authored by third parties would be responsive. Plaintiffs have not established that such documents are relevant to the asserted rationale for plaintiffs' requests for Tradition America's documents. In any subsequent submission, plaintiffs must either narrow the requests or explain why plaintiffs are entitled to these broadly defined documents.

Third, if plaintiffs wish to seek documents from Tradition America's foreign affiliates, plaintiffs have the burden of showing that Tradition America controls such documents. S.E.C. v. Credit Bancorp, Ltd., 194 F.R.D. 469, 472 (S.D.N.Y. 2000). They have not met that burden here.

Finally, this Order applies only to the document discovery that is in dispute; it does not apply to documents that Tradition America has already agreed to produce. See Tradition Letter at 3 ("[W]e are looking for the possibility that we may

2

have received some years ago requests for Libor related information and, if related to these proceedings, we will produce same and the relevant responses.").

## CONCLUSION

Plaintiffs' request to compel Tradition America's compliance with their document subpoenas is denied without prejudice.

**IT IS SO ORDERED.**


Dated:  New York, New York
        October 5, 2016

                                    *[signature]*
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

3