```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:                                      MEMORANDUM AND ORDER

LIBOR-Based Financial Instruments           11 MDL 2262 (NRB)
Antitrust Litigation.

This Document Applies to:
                                            11 CV 5450 (NRB)
OTC Plaintiff Action

----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before this Court is a motion for preliminary approval of a proposed settlement between defendant Barclays Bank plc ("Barclays") and a putative class of over-the-counter ("OTC") plaintiffs, ECF No. 1336. The OTC plaintiffs request that we (1) grant preliminary approval of the proposed settlement; (2) certify the putative class for settlement purposes; (3) appoint settlement class counsel; and (4) appoint Citibank, N.A. as the escrow agent, Rust Consulting as the claims administrator, and Kenneth Feinberg as the settlement administrator. For the reasons set forth below, we grant preliminary approval of the proposed settlement. The remaining requests are premature and would benefit from further discussion in the context of a fairness hearing; therefore, rulings on these requests are deferred to a later stage.

I.  **Background**

Defendant Barclays is a panel bank for the setting of USD LIBOR.  The putative class of OTC plaintiffs consists of:

> All persons or entities (other than Defendants and their employees, affiliates, parents, and subsidiaries) that purchased in the United States, directly from a Defendant (or a Defendant's subsidiaries or affiliates), a U.S. Dollar LIBOR-Based Instrument and that owned the U.S. Dollar LIBOR-Based Instrument any time during the period August 2007 through May 2010 (the "Class Period").

ECF No. 1338, Ex. A ("Settlement Agreement") ¶ 3(a).  OTC plaintiffs only assert claims related to instruments purchased from defendant panel banks ("Asserted Claims"), even though some OTC plaintiffs also purchased USD LIBOR-based instruments from *non*-defendant banks and ostensibly could have asserted claims related to those instruments against the defendant panel banks ("Unasserted Claims").  OTC Pls.' Reply Mem. of Law 8-9, ECF No. 1416.

Beginning in December 2013, Barclays and the OTC plaintiffs entered into multiple rounds of mediation with three renowned mediators: Judge Daniel Weinstein, Judge Layn Phillips, and Kenneth Feinberg.  Hausfeld Decl. ¶¶ 20-23, ECF No. 1338.  In November 2015, after years of negotiations, the parties entered into the Settlement Agreement.  Id. ¶ 26.

Under the terms of the settlement, Barclays would create a settlement fund of $120 million and provide cooperation to OTC

2

plaintiffs as the litigation continues against the remaining defendants.  OTC Pls.' Mem. of Law 1, ECF No. 1337.  In exchange, OTC plaintiffs would release all claims "arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the OTC Action."  Settlement Agreement ¶ 2(ff).

Plaintiffs 33-35 Green Pond Road Associates, LLC ("Green Pond"), Courtyard at Amwell II, LLC ("Courtyard"), and Guaranty Bank & Trust Company ("Guaranty") objected to the proposed settlement, ECF Nos. 1368 & 1395.  After the OTC plaintiffs filed their reply, Green Pond and Courtyard withdrew their objections, ECF No. 1486, leaving Guaranty as the only remaining objector.

## II. Discussion

### A. Standard for Preliminary Approval

"Preliminary approval of a proposed settlement is the first in a two-step process required [by Federal Rule of Civil Procedure 23(e)] before a class action may be settled."  In re NASDAQ Mkt.-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

First, prior to notice to the class, a court makes a preliminary evaluation of fairness.  A court considers whether the settlement "appears to be the product of serious, informed,

non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval," id., provides "intangible benefits, including cooperation against non-settling defendants," In re LIBOR-Based Fin. Instruments Antitrust Litig., 2014 WL 6851096, at *2 (S.D.N.Y. Dec. 2, 2014), and grants the plaintiffs repose in the face of complex, uncertain litigation, In re Initial Pub. Offering Sec. Litig., 226 F.R.D. 186, 198 (S.D.N.Y. 2005).

Second, if preliminary approval is granted, notice of a hearing is given to the class members, where class members and settling parties are provided the opportunity to be heard on the question of final court approval. In re NASDAQ Mkt.-Makers Antitrust Litig., 176 F.R.D. at 102. Because of the two-step process, a grant of preliminary approval is "at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." In re Traffic Exec. Ass'n-E. R.R.s, 627 F.2d 631, 634 (2d Cir. 1980).

Here, there is no dispute that the settlement is the result of years of arms-length negotiations between well-represented, sophisticated parties with the aid of distinguished mediators. The settlement is a significant recovery for OTC plaintiffs and includes the intangible benefit of cooperation against the non-

4

settling defendants.  The OTC plaintiffs also have obtained the certainty of a settlement in the face of a factually complex case with genuine legal uncertainties.  See In re LIBOR-Based Fin. Instruments Antitrust Litig., 2014 WL 6851096, at *2.  Therefore, enough factors are present to permit the OTC plaintiffs to proceed to a full-scale fairness hearing.

**B. Guaranty's Objections**

As an initial matter, Guaranty has standing to object to the proposed settlement only if it is part of the OTC class. Fed. R. Civ. P. 23(e)(5) ("Any *class member* may object to the proposal . . . ."); In re Initial Pub. Offering Sec. Litig., No. 21 MC 92 SAS, 2011 WL 3792825, at *1 (S.D.N.Y. Aug. 25, 2011) (one who falls "outside the definition of a class member . . . lacks standing to object to the settlement").  It is not clear from the papers whether Guaranty is actually a member of the OTC class, see OTC Pls.' Reply Mem. of Law 1 n.4, and the Court has no information about Guaranty's LIBOR-based holdings.  The fact that Guaranty purports to represent a class of plaintiffs that held LIBOR-based securities "excluding LIBOR-Based Securities purchased directly from any defendant," Guaranty's Mem. of Law in Opp'n 1, supports the likelihood that Guaranty is not a member of the OTC class and lacks standing.

Nevertheless, Guaranty argues that preliminary approval should be denied for three reasons:  first, that the settlement

releases, without compensation, OTC class members' Unasserted Claims; second, that the OTC class representatives lack authority to release the Unasserted Claims because such claims do not arise from an identical factual predicate as the class representatives' Asserted Claims; and third, that the class representatives do not adequately represent OTC class members who have Unasserted Claims.

Guaranty's objections are unavailing.  First, the argument that we should not preliminarily approve the settlement because Unasserted Claims will be extinguished without compensation is premature.  Such an objection can be raised at the next stage in the settlement proceedings if Guaranty has standing.[1]

Second, Guaranty makes no real attempt to show how the Unasserted Claims arise out a different factual predicate than the Asserted Claims.  In fact, we find that they do arise out of an identical factual predicate, which is the alleged suppression and manipulation of LIBOR.  See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., 272 F. App'x 9, 13 (2d Cir. 2008) (various fraud claims based on false statements made in different documents were based on the "same core of facts" and therefore arose out of an identical factual predicate).  As such, OTC plaintiffs have the authority to release the

---

[1] Additionally, sight should not be lost of the fact that the settlement only pertains to one defendant bank, and therefore would not extinguish a class of claims.

Unasserted Claims.  Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 107 (2d Cir. 2005) ("The law is well established in this Circuit and others that class action releases may include claims not presented and even those which could not have been presented as long as the released conduct arises out of the 'identical factual predicate' as the settled conduct.")

Third, the class representatives adequately represent the class members who have Unasserted Claims.  "[A]dequate representation of a particular claim is determined by the alignment of interests of class members . . . ."  Wal-Mart, 396 F.3d at 113.  Given that four of the eight named OTC plaintiffs have Unasserted Claims, OTC Pls.' Reply Mem. of Law 9, the interests of the class representatives are aligned with other class members with Unasserted Claims.

### III. Conclusion

The motion for preliminary approval of the settlement between the OTC plaintiffs and Barclays is granted.  OTC plaintiffs are instructed to submit a letter to the Court with (1) a status update on the collection of information that OTC plaintiffs say is necessary for a plan of distribution and notice, OTC Pls.' Mem. of Law 22-23, and (2) an estimate of when

7

they will file their proposed motion for approval of the plan of distribution and notice.

**SO ORDERED.**

Dated:   New York, New York
         December 21, 2016

*Naomi Reice Buchwald*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE