SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6022
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 950 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCarmody@susmangodfrey.com

September 1, 2017

VIA CM/ECF AND HAND DELIVERY

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10018

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, Case No. 11-md-2262

Dear Judge Buchwald:

I write on behalf of the OTC Plaintiffs in response to defendant the Royal Bank of Canada's ("RBC") August 30, 2017, letter and in support of our request to substitute Bucks County Water and Sewer Authority ("Bucks County") as a named plaintiff.

RBC's letter—the defendants' *third* on this issue and one which comes nearly two weeks after the letter to which it purports to respond—merely rehashes in broad strokes the defendants' incorrect arguments in their August 16 letter.  Tellingly, RBC does not materially engage with the OTC Plaintiffs' thorough rebuttal of those arguments in our August 18 reply.

RBC also notably does not address a single one of the voluminous cases (most of which were from the Southern District of New York) cited in the OTC Plaintiffs' original August 9 letter and in our August 18 letter—cases which universally hold that substitution of class representatives is "routine" and should readily be granted before, during, and after class certification.  *See* Dkt. 2215, at 1–2 (collecting cases); Dkt. 2234, at 1–2 (same).

RBC does, however, attempt to backfill the void of legal authority in the defendants' previous submissions with a lengthy string-cite.  *See* ECF 2234, at 3 ("Indeed, despite filing a seven-page letter, Defendants cite just one case in which a court denied leave to substitute a named plaintiff.").  The OTC Plaintiffs thoroughly distinguished one of RBC's cited cases, *Davis v. Lennox Hill Hospital*, in our August 18 letter; RBC conspicuously has no response.

September 1, 2017
Page 2

The remaining cases RBC cites are similarly inapposite. The plaintiffs in *In re Milk Products Antitrust Litigation* moved to withdraw *seven of their eight named plaintiffs* and add three new named plaintiffs. 195 F.3d 430, 433 (8th Cir. 1999). Further, the attempt at substitution came more than a year after the events that "should have alerted plaintiffs to their named plaintiff inadequacies." *Id.* at 438. Nothing of the sort happened here, where the OTC Plaintiffs have moved to substitute a single class representative with the same claims as SEIU less than two months after SEIU voluntarily withdrew. In *In re Flash Memory Antitrust Litigation*, the named plaintiffs were not adequate class representatives because *they were not actually indirect purchasers*, a routine inquiry the plaintiffs "should have . . . conducted at the inception of the litigation, not years after the action had commenced." 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010). Again, that is not the situation here.

In *Randall v. Rolls-Royce Corp.*, *In re Safeguard Scientifics*, and *Ho v. Ernst & Young LLP*, the plaintiffs sought to substitute new class representatives *after* the district court had *denied* class certification on typicality grounds. *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 827 (7th Cir. 2011) (noting that "[t]he [substitution] motion was not filed until after the judge had denied class certification" and that "it was obvious from the outset that these named plaintiffs faced a serious challenge to their status as class representatives"); *In re Safeguard Scientifics*, 220 F.R.D. 43, 46, 47 (E.D. Pa. 2004) (stating that the class certification motion "was denied as the proposed class representatives were not typical of the class" and that those typicality issues became "apparent during discovery"); *Ho v. Ernst & Young LLP*, 2012 WL 95342, at *2 (N.D. Cal. Jan. 11, 2012) (noting that the court had denied the plaintiffs' class certification motion on typicality grounds). Here, the Court has not ruled on class certification at all, much less denied it. Accordingly, the OTC Plaintiffs here are not seeking "multiple bites at the certification apple." *Randall*, 637 F.3d at 827. The OTC Plaintiffs are seeking a first bite at the class certification apple on behalf of RBC's swap- and bondholders.

*Velazquez v. GMAC Mortgage Corp.* is also distinguishable. The plaintiffs there sought to dismiss *all* of their putative class representatives and substitute "four new plaintiffs" including two who "ha[d] no connection whatsoever with Defendants," meaning that the proposed amendment would "appear to be a vehicle to bring an entirely new action against new defendants on behalf of new plaintiffs for business practices that were never mentioned, let alone at issue, in the Original Complaint or the First Amended Complaint." 2009 WL 2959838, at *2, *4 (C.D. Cal. Sept. 10, 2009). Nothing of the sort is true here, where Bucks County would be asserting the same claims against the same defendants based on the same legal theories as SEIU was. That Bucks County owned an interest rate swap with RBC rather than a bond is of no moment as SEIU was asserting state-law claims against RBC on behalf of both swap- and bondholders.

The Court in another of RBC's cited cases denied the plaintiffs' substitution motion on the grounds that it came *too early* in the case and distinguished on that basis a case "allowing substitution of the class representative at the same time as conditionally certifying the class action." *In re Atlas Roofing Corp. Chalet Shingle Products Liability Litig.*, 2017 WL 2501751,

September 1, 2017
Page 3

at *1 & n.13.  Further, the court distinguished another case allowing substitution prior to class certification as "allowing substitution of a putative named plaintiff after *all* the original putative named plaintiff's claims had been dismissed."  *Id.* (emphasis in original).  That is, of course, analogous to the situation here—SEIU has withdrawn as a class representative, leaving no named plaintiff with state-law claims against RBC.

The OTC Plaintiffs' request to substitute Bucks County as a named plaintiff should be granted.

Respectfully Submitted,


*/s/ William Christopher Carmody*
William Christopher Carmody