**DAVIS POLK & WARDWELL LLP**

| | | |
|---|---|---|
| | 450 LEXINGTON AVENUE | NORTHERN CALIFORNIA |
| | NEW YORK, NY 10017 | WASHINGTON, D.C. |
| | 212 450 4000 | SÃO PAULO |
| | FAX 212 701 5800 | LONDON |
| | | PARIS |
| | | MADRID |
| | | TOKYO |
| ARTHUR J. BURKE | | BEIJING |
| 212 450 4352 | | HONG KONG |

May 21, 2018

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11-MD-2262 (NRB); *Mayor & City Council of Baltimore v. Bank of America Corporation et al.*, 11-cv-05450 (NRB)

<u>Via ECF</u>

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Buchwald:

  Pursuant to Your Honor's Individual Rule 2.B, we submit this letter on behalf of the Defendants in the OTC class action, Bank of America, N.A. and JPMorgan Chase Bank, N.A. (collectively, "Defendants"), to request a pre-motion conference for permission to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) to dismiss OTC Plaintiffs' antitrust claims based on instruments purchased by class members from a USD LIBOR panel bank's subsidiaries or affiliates or purchased by class members from a USD LIBOR panel bank but pursuant to which a subsidiary or affiliate paid interest to the class member. The dismissal that Defendants seek flows directly from the Court's prior orders, but the issue has not yet been squarely addressed, and Defendants believe now is the time to do so in parallel with the other motions currently scheduled.[1]

  In *LIBOR VI*, this Court held that plaintiffs were not efficient enforcers for claims based on transactions with non-panel banks because "[a] plaintiff and a third party could, and did, easily incorporate LIBOR into a financial transaction without any action by defendants whatsoever," and "[t]heir independent decision to do so breaks the chain of causation between defendants' actions and a plaintiff's injury." *LIBOR VI*, 2016 WL 7378980, at *16 (S.D.N.Y. Dec. 20, 2016). The Court noted that "[t]here remains an open question about the treatment of plaintiffs who transacted with a subsidiary or affiliate of a panel bank," and that the parties

---

[1] Defendants advised OTC Plaintiffs of their intent to file this letter, and OTC Plaintiffs responded that they oppose Defendants' request.

"should consider this question at the class certification stage." *Id.* at *16 n.25. However, following *LIBOR VI*, the Court clarified that for persistent suppression antitrust claims, "the proper defendant is the panel bank," and thus dismissed antitrust claims against panel banks' corporate affiliates. 2017 WL 532465, at *2 (S.D.N.Y. Feb. 2, 2017).

This ruling clarified that panel bank affiliates and subsidiaries are similarly situated to any non-defendant: they are not alleged co-conspirators, and thus, their independent decision to incorporate LIBOR into a transaction with a plaintiff "breaks the chain of causation." Plaintiffs are therefore not efficient enforcers as to claims based on instruments purchased from, or on which the interest was paid, by panel bank affiliates or subsidiaries. The OTC Plaintiff class, however, includes persons that purchased certain LIBOR-linked instruments directly from "a Panel Bank's subsidiaries or affiliates" and instruments on which a subsidiary or affiliate paid the interest even though the instrument was purchased from the Panel Bank. *LIBOR VII*, 2018 WL 1229761, at *130 (S.D.N.Y. Feb. 28, 2018).

Defendants thus ask the Court to resolve whether OTC Plaintiffs can assert an antitrust claim based on their transactions with subsidiaries or affiliates. Defendants believe this issue is most appropriately raised now on a motion for judgment on the pleadings under Rule 12(c), as it presents a legal issue, previously unresolved, regarding whether OTC Plaintiffs fail to state a claim as to certain of their claims. *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial.").

Defendants request to move this Court for judgment on the pleadings on this issue on July 10, 2018, which would put it on the same schedule that the Court ordered for defendants to file motions to dismiss and oppositions to motions for leave to file amended complaints. (ECF No. 2513.) Defendants also propose that OTC Plaintiffs' opposition brief be due August 6, 2018, and Defendants' reply brief be due August 24, 2018, in line with the Court's schedule for the other motions. Defendants respectfully request that the Court so-order this schedule.

Defendants also note that, although they take no position on OTC Plaintiffs' Motion to Approve the Joint Notice Program filed on May 15, 2018 (ECF No. 2515) (the "Motion to Approve"), Defendants' proposed motion for judgment on the pleadings may impact the proposed notice's description of the class as including persons that transacted with panel bank subsidiaries and affiliates, and therefore it may be advisable to adjourn consideration of the Motion to Approve until Defendants' motion for judgment on the pleadings has been resolved.

Respectfully yours,

/s/ Arthur J. Burke
Arthur J. Burke

cc: Counsel for all parties via ECF