SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

_____

SUITE 5100                          SUITE 3800                         32ND FLOOR
1000 LOUISIANA STREET               1201 THIRD AVENUE                  1301 AVENUE OF THE AMERICAS
HOUSTON, TEXAS 77002-5096           SEATTLE, WASHINGTON 98101-3000     NEW YORK, NEW YORK 10019-6023
(713) 651-9366                      (206) 516-3880                     (212) 336-8330
_____                           _____                          _____

                   WILLIAM CHRISTOPHER CARMODY                         E-MAIL BCARMODY@SUSMANGODFREY.COM
                   DIRECT DIAL (212) 336-8334

June 29, 2018

VIA ECF AND HAND DELIVERY

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*, Case Nos. 11-md-2262, 11-cv-5450

Dear Judge Buchwald:

      We write to update the Court regarding the claims submitted to share in the OTC-Barclays and OTC-Citi settlements by Managed Care Advisory Group LLC ("MCAG"). The Court previously ordered (1) MCAG to provide proof of its authority to submit each of the claims that it has submitted; (2) Rust Consulting, Inc., the Court-appointed Claims Administrator, to investigate MCAG's authority and report to the Court its findings and a proposed notice to affected claimants; (3) MCAG to provide proof of authority for each claim it submits thereafter; and (4) Class Counsel and the Claims Administrator to keep a record of the expenses they may have incurred in complying with the Court's order. *See* Dkt. 2489.

      As described in the Declaration of Jason Rabe Regarding the Claims Submitted by Managed Care Advisory Group to Share in OTC Settlements ("Rabe Declaration"), dated June 29, 2018, and attached hereto, the Claims Administrator has completed its investigation and determined that MCAG lacked authority to submit any of the 391 claims it submitted. Rabe Declaration ¶¶ 21, 26. With respect to almost *one-half* of the claims it submitted, MCAG did not even attempt to provide proof of authority. Moreover, the claimed proof of authority that MCAG did provide was deficient and inadequate to establish that MCAG was authorized to submit claims on behalf of any of the claimants it

June 29, 2018
Page 2

purports to represent. *Id.* ¶¶ 15, 21, 26. Only two of the documents provided by MCAG ▮ constituting *less than one percent* of the 391 unique claims MCAG submitted. *Id.* ¶ 19(a)-(b). The vast majority of MCAG's documents either ▮ which MCAG did not provide, or ▮ *Id.* ¶ 18.

The Rabe Declaration reveals one critical defect affecting *all* of MCAG's claims: All Proof of Claim forms submitted by MCAG were signed by a representative of *MCAG*, not the class member, and the Claims Administrator found no evidence that any class member had assigned its right to participate in the Settlements to MCAG. *Id.* ¶¶ 11, 16. The Proof of Claim forms, however, require the signatory of those forms to "warrant and represent" that it is "a Class Member as defined in the Notices," and declare the truthfulness of that representation "under penalty of perjury." *Id.* ¶ 10.

This sworn certification is not a mere formality. In any class settlement, it is incumbent on the Claims Administrator to ensure the integrity of the distribution process, a particularly heightened concern here in light of the hundreds of millions of dollars to be distributed to members of the settlement classes. Requiring claimants "to sign the proof of claim form under penalty of perjury . . . [is] important in helping to insure [sic] that the settlement fund is distributed to class members who deserve to recover from the fund." *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402, at *12 (S.D.N.Y. Nov. 12, 2004); *see also Perkins v. Linkedin Corp.*, 2016 WL 613255, at *9 (N.D. Cal. Feb. 16, 2016) (overruling objections to "penalty of perjury" language in claim form). It also supports the goals of the class action mechanism, as a claimant's signature on a claim form provides yet another affirmative release of claims the defendant already paid to resolve, thus stopping in its tracks any frivolous future litigation. *See Matter of VMS Ltd. P'ship Sec. Litig.*, 1995 WL 68764, at *1 (N.D. Ill. Feb. 16, 1995) (enjoining plaintiff from pursuing released claims and noting that she had signed a previous claim form under penalty of perjury).

For the reasons stated, claims must be submitted by class members, who must personally sign their Proof of Claim forms. As explained by the Claims Administrator, certain exceptions may apply to a third-party filer if (1) its role were limited to submitting forms signed by class members; (2) it were an assignee of a class member's right to participate in a settlement; or (3) it had a power of attorney from a class member. Rabe Declaration ¶ 21. Nothing in MCAG's submissions indicates that any of these exceptions apply here. *Id.* The agreements submitted by MCAG do not suffice because ▮ nor is

June 29, 2018
Page 3


MCAG's signature on the Proof of Claim form sufficient to bind the class member. *Id.*

Furthermore, MCAG's conduct in submitting and withdrawing claims provides compelling evidence that it has submitted claims without the knowledge or consent of the entity on whose behalf it is supposedly acting. *See* Rabe Declaration ¶ 22. MCAG describes certain of these entities as "the Class Member," showing that even MCAG acknowledged that MCAG was *not* the class member, in spite of its certifications to the contrary. *Id.* ¶ 23(b)-(c). Moreover, MCAG's admission that, with respect to almost two dozen claims, its client was "unable" to provide documentation of eligible transactions—thus, calling into doubt whether that purported client is a class member at all—provides further evidence of the highly questionable nature of MCAG's submissions. *Id.* ¶ 23(a).

The absence of transactional data submitted with the overwhelming majority of MCAG claims also suggests that MCAG's clients had no knowledge that MCAG had submitted claims on their behalf. *See* Rabe Declaration ¶ 10. And even where MCAG did provide transactional data, that information often reflected transactions that do *not* qualify for distribution from the settlements— yet one more reason to reject MCAG's claims. *Id.*.

MCAG has also flagrantly disregarded the Court's instructions. Since the issuance of the Court's April 11 order, MCAG has submitted multiple claims to the Claims Administrator without "attach[ing] proof of its authority when filing *each* claim," as instructed. Dkt. 2489 at 3 (emphasis added); *see* Rabe Declaration ¶ 24. The majority of these claims were submitted on behalf of claimants for whom MCAG had previously submitted *no* proof of authority. Rabe Declaration ¶ 24.

For these reasons, we strongly urge the Court to approve the Claims Administrator's determination, order notices to be sent to the 366 entities who have not already submitted their own claims to share in the Barclays and Citi settlements, and open a supplemental claims filing period for these entities.[1] We also endorse the Claims Administrator's proposal to send a modified notice to those 161 non-duplicative claimants whose claims MCAG has withdrawn.

---

[1] Exhibit C to the Rabe Declaration lists each of the 391 entities on whose behalf MCAG purported to file a claim. It is proposed that each of the entities whose claims were *not* withdrawn should receive the supplemental notice set forth at Exhibit A to the Rabe Declaration. All entities whose claims *were* withdrawn should receive the proposed supplemental notice found at Exhibit B to the Rabe Declaration, with the exception of the 25 entities who already filed their own claims. These 25 entities are identified on page 11 of Exhibit A to Class Counsel's letter of March 16, 2018. *See* Dkt. 2462-1.

June 29, 2018
Page 4

Finally, we request that the Court order MCAG to provide contact information for all 366 affected claimants to enable them to be contacted by the Claims Administrator.

      We thank the Court for its continued consideration of this matter.

Respectfully,

*/s/ William Christopher Carmody*

William Christopher Carmody