**SUSMAN GODFREY L.L.P.**
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

| SUITE 1400 | SUITE 3800 | 32ND FLOOR |
| 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE | 1301 AVENUE OF THE AMERICAS |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10019-6023 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCarmody@susmangodfrey.com

August 1, 2018

VIA ECF AND HAND DELIVERY

The Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litig.*, MDL No. 11-md-2262, Case No. 11-cv-5450

Dear Judge Buchwald:

The OTC Plaintiffs write in response to Defendants' July 24 letter, which ignores this Court's request for the parties to propose "discovery" that will "mov[e] this case forward in an orderly fashion." ECF 2608. Defendants propose that they do nothing. That is typical: in the 7 years this litigation has been pending, Defendants have not produced a *single* ESI document that they searched and found for this MDL, nor have they presented a *single* fact witness for deposition. That charade should come to an end.

Defendants first misread this Court's letter to mean that Plaintiffs' proposals have somehow already been rejected. Not so. The Court wrote it was "not inclined" to authorize *all* of the discovery sought, and singled out privilege logs and document retention policies as being premature, but then specifically asked the parties to propose "discovery" that will "[m]ove the case forward in an orderly fashion." ECF 2608. Defendants ignore that request, and pretend it was not made. Plaintiffs, by contrast, have attempted to comply with that order by proposing specific areas of discovery that will move the ball forward.

August 1, 2018
Page 2

### 1. Making Progress on Search Terms and Custodians Will Move the Case Forward

Plaintiffs' proposal, which includes negotiating ESI search terms and custodians, is the best way to move the case forward. All modern discovery is focused on ESI discovery. The regulatory production is *entirely* an ESI production. The only way to fix the many gaps in that regulatory production is to negotiate search terms and custodians that fill the ESI gaps.

Defendants argue Plaintiffs have not proven why all the additional terms and custodians are relevant, but that puts the cart before the horse. The whole point of the meet-and-confer process that Plaintiffs propose – and that all modern discovery protocols require – is to allow the parties to *discuss* why each proposed term and custodian is beneficial, and to try to work out compromises.

Leaving aside the impropriety of Defendants' attempt to bypass the meet-and-confer process, the requested missing custodians and terms are clearly relevant. For example:

Search Terms

- The banks did not run the term █████████████████████████████
█████████████████████████.

- The banks' searches do not capture many communications with brokers relaying the banks' pre-fix submissions, which were a central conduit of the conspiracy. *See* ECF 1905, at 5-9. For example, BofA ran searches for ████████████████████
████████████████████████████████████████████████████████
███████████████████████████. And none of the banks ran comprehensive terms for ██████████████████████████████████████████.

- The banks' terms relating to suppression are incomplete or too specific. For example, they searched ████████████████████████████████████████
█████████████████████████████████████████.

Custodians

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████.

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████.



Plaintiffs will explain in detail why all the other proposed terms and custodians are relevant, if Defendants will agree to get on the phone with us. Then we can take any disputes to the Court, after we meet and confer. That is how discovery works, and Defendants do not explain why it is not appropriate here.

Defendants also argue that negotiating and producing ESI is too burdensome, but they do not say why. Their unexplained burden defense is meritless. Defendants worry that some terms may yield too many hits, but that again is what the meet-and-confer process is designed to address. As part of that process, Defendants would normally produce "search term hit counts" that would show how many hits each term has, and would reveal if some proposed terms are too voluminous, which would allow the parties to modify the terms accordingly. Critically, Defendants already demanded the *exact same* ESI negotiations of OTC Plaintiffs, and OTC Plaintiffs *agreed* to negotiate and run search terms, resulting in the production of approximately 437,434 pages of documents by the OTC Plaintiffs alone. By contrast, even though this case is 100% about Defendants' conduct, Defendants have not produced a *single* document to OTC Plaintiffs that results from search terms negotiated by the parties for this litigation.

Defendants also note there are many parties to the litigation who may want additional terms in the future, but that is no reason not to make progress now. It is standard practice for parties to negotiate *initial* search terms, with both parties reserving the right to seek additional terms in the future. And that is all Plaintiffs ask for here. Notably, Defendants have demanded the exact same thing from Plaintiffs in this case. And these same Defendants have agreed to this in other cases too. ECF 2528-1. There is zero burden for Defendants to negotiate some terms now, and additional terms later, because if new terms are agreed to later, they can de-duplicate any previously produced documents against the new hits.

2. **Defendants Should Provide Responses to Document Requests That Comply with the Federal Rules**

A second way to move this case forward is to require Defendants to say what they will agree to produce and what they will not, so that the parties can meet and confer on the type of documents Defendants will agree and not agree to produce, and take any disputes to the Court. Under Federal Rule 34, objections to discovery requests must (1) state with specificity the grounds for objecting and (2) state whether any responsive materials are being withheld on the basis of that objection. *See* FRCP 34(b)(2)(B)-(C). Defendants refuse to comply with either part of this rule. For example, Bank of America's response to nearly every request concludes in the same way:

> Bank of America will produce documents responsive to this Request to the extent that they are included in Bank of America's production in response to Request No. 38 [which requests regulatory productions]. Bank of America will not separately search for and produce documents that are responsive to this Request.

Ex. A. JPM's and UBS's responses are the same. Defendants provide the same boilerplate objection to 66 of the 69 document requests served on them. Defendants' boilerplate objections are a master class in what the Federal Rules prohibit: they do not state whether they are withholding responsive materials; they do not state what type of documents they agree or refuse to produce; and they do not provide any specific objections at all. Defendants should be ordered to provide responses within 14 days that comply with the Federal Rules, so that the parties can move this case forward.

### 3. Defendants Should Be Ordered to Produce the Documents They Agreed to Produce Expeditiously

Defendants complain that 30 days is too short for them to fix blatant omissions in their productions (like Bank of America's failure to produce any documents from 2009). While they admit they have to produce these documents, Defendants do not say when they will do so. This again flouts the Federal Rules, which require Defendants to "specif[y] in the response" a "reasonable time" for producing documents. FRCP 34. Plaintiffs' 30-day proposal is not critical, but a definite timeframe is, and it should be within 60 days at the latest.

If these proposals are not what the Court has in mind, the OTC Plaintiffs respectfully seek the Court's assistance in moving discovery forward productively, and are available to discuss these and other proposals at any time. For example, we have also proposed that Defendants should produce certain categories of documents, such as "BBA Meeting Minutes & Recordings," and we are amenable proceeding along those lines too. *See* ECF 2528.

Respectfully Submitted,

*/s/ William Christopher Carmody*
William Christopher Carmody