UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 11-2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB ECF Case |
| The OTC Action | 11cv5450(NRB) Honorable Naomi R. Buchwald |

**[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF SETTLEMENTS WITH DEUTSCHE BANK AKTIENGESELLSCHAFT AND HSBC BANK PLC**

WHEREAS, an action is pending before this Court styled *Mayor and City Council of Baltimore v. Credit Suisse AG, et al.*, No. 1:11-md-2262-NRB (the "OTC Action");

WHEREAS, OTC Plaintiffs[1] have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order (a) granting final approval to the settlements with Deutsche Bank Aktiengesellschaft and HSBC Bank plc (the "Settlements" or "OTC Settlements");[2] (b) certifying the Settlement Classes (defined in ¶ 6, *infra*); (c) granting final approval to the joint Plan of Distribution (defined in ¶ 5, *infra*); (d) appointing Hausfeld LLP and Susman Godfrey L.L.P. as Co-Lead Counsel for the Settlement Classes; and (e) granting final approval to the joint Class Notice (defined in ¶ 11, *infra*);

WHEREAS, persons or entities who entered into qualifying transactions with non-settling Defendants[3] (or their subsidiaries and affiliates) can participate in these Settlements in part because

---

[1] Paragraph 1 of both Settlement Agreements, ECF Nos. 2450-1, 2474-1, defines "OTC Plaintiffs" as: "Plaintiffs Mayor and City Council of Baltimore, City of New Britain, Vistra Energy Corp., Yale University, Jennie Stuart Medical Center, Inc., and Bucks County Water & Sewer Authority."

[2] The settlement agreement memorializing the terms of the settlement with Deutsche Bank ("Deutsche Bank Settlement Agreement" or "Deutsche Bank Agreement") was entered into on February 6, 2018 and submitted to the Court as Exhibit A to the Declaration of Hilary K. Scherrer in Support of OTC Plaintiffs' Motion for Preliminary Approval of Settlement with Deutsche Bank Aktiengesellschaft. ECF No. 2450. The settlement agreement memorializing the terms of the settlement with HSBC ("HSBC Settlement Agreement" or "HSBC Agreement," and together with the Deutsche Bank (Settlement) Agreement, "Settlement Agreements" or "Agreements") was entered into on February 15, 2018 and submitted to the Court as Exhibit A to the Declaration of Hilary K. Scherrer in Support of OTC Plaintiffs' Motion for Preliminary Approval of Settlement with HSBC Bank plc. ECF No. 2474. All references to docket entries in this Final Judgment and Order are references to Case No. 11-md-2262 (S.D.N.Y).

[3] Paragraph 2(l) of both Settlement Agreements defines "Defendants" as: Barclays Bank PLC; Citigroup Inc.; Citibank, N.A.; Credit Suisse AG; Credit Suisse Group AG; Credit Suisse International; Credit Suisse (USA) Inc.; Bank of America Corporation; Bank of America, N.A.; JPMorgan Chase & Co.; JPMorgan Chase Bank, NA; HSBC Holdings plc; HSBC Bank plc; Lloyds Banking Group PLC; WestLB AG; Westdeutsche

the OTC Action includes antitrust claims under which Deutsche Bank Aktiengesellschaft, also known as Deutsche Bank AG ("Deutsche Bank"), and HSBC Bank plc ("HSBC") can allegedly be held jointly and severally liable for the alleged conduct of all Defendants;

WHEREAS, the Court has considered the Settlement Agreements and other documents submitted in connection with OTC Plaintiffs' Motion for Final Approval of Settlements with Deutsche Bank Aktiengesellschaft and HSBC Bank plc, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has subject matter jurisdiction over this action and, solely for purposes of effectuating the Settlements and subject to the express limitations contained in the Settlement Agreements, personal jurisdiction over OTC Plaintiffs, Deutsche Bank, HSBC, and all members of the OTC Class (defined in ¶ 6, *infra*).

2. All terms in initial capitalization used in this Final Judgment and Order shall have the same meanings as set forth in the Settlement Agreements, unless otherwise defined herein.

## I.   FINAL APPROVAL OF SETTLEMENTS

3. Upon review of the record, including the orders preliminarily approving the Settlements and the submissions in support of the Settlements and preliminary certification, the Court finds that both Settlements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval.

---

Immobilienbank AG; UBS AG; The Royal Bank of Scotland Group PLC; Citizens Bank of Massachusetts a/k/a RBS Citizens Bank N.A.; Deutsche Bank AG; Coöperatieve Centrale Raiffeisen Boerenleenbank B.A.; The Norinchukin Bank; The Bank of Tokyo-Mitsubishi UFJ, Ltd; HBOS PLC; Société Générale S.A.; Royal Bank of Canada; "and any other Person or Persons who are or were named as defendants in the OTC Action at any time up to and including the date a Preliminary Approval Order is issued." ECF Nos. 2450-1 ¶ 2(l), 2474-1 ¶ 2(l).

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlements on the basis that they are fair, reasonable, and adequate as to, and in the best interests of, all OTC Class Members[4], within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23; the Court directs the Settlements' consummation according to their terms. In reaching this conclusion, the Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follows:

   a. The Settlements were negotiated by counsel with significant experience litigating antitrust class actions and are the result of vigorous arm's length negotiations undertaken in good faith and with the assistance of a professional mediator experienced in complex cases;

   b. This action is likely to involve contested and serious questions of law and fact, such that the value of immediate monetary recovery, in conjunction with the value of the prospective relief set forth in the Settlements, outweigh the uncertain possibility of future relief after protracted and expensive litigation; and

---

[4] Paragraph 2(bb) of the Settlement Agreements defines "OTC Class Member" as: "A Person who is a member of the OTC Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court." ECF Nos. 2450-1 ¶ 2(bb), 2474-1 ¶ 2(bb).

   c. Interim Co-Lead Counsel's[5] judgment that the Settlements are fair and reasonable, and the OTC Class Members' reaction to the Settlements, are entitled to great weight.

## II. FINAL APPROVAL OF THE PLAN OF DISTRIBUTION

5. Upon review of the record, the Court finds that the joint pro rata Plan of Distribution[6] has a reasonable, rational basis and is fair and adequate. Therefore, the Plan of Distribution is hereby finally approved.

## III. CERTIFICATION OF THE SETTLEMENT CLASSES

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlements set forth in the Settlement Agreements, the settlement classes (the "Classes" or "OTC Classes" or "Settlement Classes") that are both defined as follows:

> All persons or entities (other than Defendants and their employees, affiliates, parents, and subsidiaries) that purchased in the United States, directly from a Defendant (or a Defendant's subsidiaries or affiliates), a U.S. Dollar LIBOR-Based Instrument and that owned the U.S. Dollar LIBOR-Based Instrument any time during the period August 2007 through May 2010 (the "Class Period").[7]

---

[5] Susman Godfrey L.L.P. and Hausfeld LLP are Interim Co-Lead Counsel for the OTC Class.

[6] The joint Plan of Distribution is found at Docket Entry 2517-1.

[7] Specifically excluded from the Classes are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Class are any judicial officers presiding over this action and the members of his/her immediate families and judicial staff, and any juror assigned to the OTC Action. ECF Nos. 2450-1 ¶ 3(b), 2474-1 ¶ 3(b).

7.  The Court's certification of the Classes as provided herein is without prejudice to, or waiver of the rights of, any defendant to contest certification of any other class proposed in these actions (*i.e.*, the actions included in the above-captioned multi-district litigation). The Court's findings in this Final Judgment and Order shall have no effect on the Court's order certifying for class treatment OTC Plaintiffs' antitrust claims or any certification order that may be issued in this action in the future. The findings that follow in Paragraphs 8–9 are limited to this particular order and are made only in the context of these particular settlements.

8.  The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlements as follows:

> a.  Pursuant to Rule 23(a)(1), the Court determines that the members of the Classes are so numerous that their joinder before the Court would be impracticable;
>
> b.  Pursuant to Rule 23(a)(2), the Court determines that OTC Plaintiffs have alleged one or more questions of fact or law common to the Classes;
>
> c.  Pursuant to Rule 23(a)(3), the Court determines that OTC Plaintiffs' claims are typical of the claims of the Classes;

---

Paragraph 2(tt) of both Settlement Agreements defines "U.S. Dollar LIBOR-Based Instrument" as: "An instrument that includes any term, provision, obligation or right to be paid by or to receive interest from a Defendant (or its subsidiaries or affiliates) based upon the U.S. Dollar LIBOR rate, including but not limited to asset swaps, bonds/floating rate notes, collateralized debt obligations, credit default swaps, forward rate agreements, inflation swaps, interest rate swaps, total return swaps, options or floating rate notes. For the avoidance of doubt, U.S. Dollar LIBOR-Based Instrument does not include an instrument that includes only a term, provision, obligation or right to pay interest based upon the U.S. Dollar LIBOR rate, such as business, home, student or car loans, or credit cards, nor does it include LIBOR-paying deposit accounts such as bank accounts, Certificates of Deposit, and time deposits." ECF Nos. 2450-1 ¶ 2(tt), 2474-1 ¶ 2(tt).

  d. Pursuant to Rule 23(a)(4), the Court determines that OTC Plaintiffs will fairly and adequately protect the interests of the Classes;

  e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members; and

  f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other available methods for the fair and efficient adjudication of this action.

9. If the Effective Date[8] does not occur with respect to either or both of the Settlements because of the failure of a condition that affects that Settlement, this certification of the corresponding Settlement Class shall be deemed null and void as to the parties subject to the relevant Settlement without the need for further action by the Court or Deutsche Bank/HSBC.

## IV. CLASS COUNSEL

10. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following firms are designated as settlement class counsel ("Class Counsel") for the Classes:

---

[8] Pursuant to paragraph 6(a) of both Settlement Agreements: "The Effective Date of Settlement shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events: (i) The contribution to the Settlement Fund has been made pursuant to this Agreement; (ii) Entry of the Preliminary Approval Order; (iii) Final approval by the Court of the settlement set forth in this Agreement, following Class Notice and the Fairness Hearing; (iv) No Party has exercised his, her, or its rights to terminate this Agreement pursuant to Paragraphs 10(c), 13(a), or 13(d); and (v) Entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final, or, in the event that the Court enters an Alternative Judgment and neither Class Plaintiffs nor [Deutsche Bank/HSBC] elects to terminate this Agreement, and such Alternative Judgment becomes final." ECF Nos. 2450-1 ¶ 6(a), 2474-1 ¶ 6(a).

| HAUSFELD LLP | SUSMAN GODFREY L.L.P. |
|---|---|
| 1700 K Street, NW, Suite 650 | 1301 Avenue of the Americas, 32nd Floor |
| Washington, DC 20006 | New York, NY 10019 |
| Tel: 202-540-7200 | Tel: 212-336-8334 |

## V.   FINAL APPROVAL OF CLASS NOTICE

11.     Upon review of the record, the Court finds that the joint Class Notice[9] constituted due, adequate, and sufficient notice of the Settlements and was the best practicable under the circumstances and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law. Therefore, the Class Notice is finally approved.

## VI.   OTHER PROVISIONS

12.     The Court approves and directs the implementation of all the terms of the Settlements.

13.     If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order certifying the Classes shall be vacated *nunc pro tunc*.

---

[9] Class Notice is defined in both Settlement Agreements as: "The Notice and Summary Notice, collectively." ECF Nos. 2450-1 ¶ 2(i), 2474-1 ¶ 2(i). The Settlement Agreements define the "Notice" as "The Notice of Proposed Settlement of Class Action to be provided to the Class as provided in this Agreement and the Preliminary Approval Order" and the "Summary Notice" as "The summary notice of proposed settlement and hearing for publication." ECF Nos. 2450-1 ¶¶ 2(y), (pp), 2474-1 ¶¶ 2(y), (pp). The Class Notice is described in detail in OTC Plaintiffs' Memorandum of Law in Support of Their Motion for an Order Approving Joint Notice Program for the Litigation Class, Settlement With Deutsche Bank Aktiengesellschaft, and Settlement With HSBC Bank plc and Preliminarily Approving Plan of Distribution in Connection With the Class Settlements With Deutsche Bank Aktiengesellschaft and HSBC Bank plc, ECF No. 2516 at 1–12; and the Declaration of Shannon R. Wheatman, ECF No. 2518.

14. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Classes ("Opt-Outs"),[10] all Released Parties[11] and Releasing Parties[12] are bound by this Final Judgment and Order and by the Settlement Agreements.

---

[10] The Opt-Outs to the Deutsche Bank Settlement are listed in Exhibit A to this Order, and the Opt-Outs to the HSBC Settlement are listed in Exhibit B to this Order.

[11] Pursuant to paragraph 2(ii) of the Deutsche Bank Settlement Agreement "Released Parties" are defined as: "Deutsche Bank and each of its past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (i) any of the other Defendants; or (ii) any other Person formerly named as a party in the OTC Action." ECF No. 2450-1 ¶ 2(ii).

Pursuant to paragraph 2(ii) of the HSBC Settlement Agreement "Released Parties" are defined as: "HSBC, HSBC Holdings plc, and each of their past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns. Released Parties does not include: (i) any of the other Defendants that are unaffiliated with HSBC or HSBC Holdings plc; or (ii) any other Person unaffiliated with HSBC or HSBC Holdings plc formerly named as a party in the OTC Action." ECF No. 2474-1 ¶ 2(ii).

[12] Pursuant to paragraph 2(jj) of the Deutsche Bank Settlement Agreement "Releasing Parties" are defined as: "Individually and collectively, Class Plaintiffs and each OTC Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund." ECF No. 2450-1 ¶ 2(jj).

Pursuant to paragraph 2(jj) of the HSBC Settlement Agreement "Releasing Parties" are defined as: "Individually and collectively, Class Plaintiffs and each OTC Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, beneficiaries, beneficial owners, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they

15.     The Court dismisses the OTC Action, as well as all of the Released Claims,[13]

against any of the Released Parties by the Releasing Parties, with prejudice. The Parties are to bear

---

object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund." ECF No. 2474-1 ¶ 2(jj).

[13]     Pursuant to paragraph 2(hh) of the Deutsche Bank Settlement Agreement "Released Claims" are defined as: "Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the OTC Action; provided, however, that Released Claims does not include (1) claims concerning Eurodollar futures contracts or options arising from or relating in any way to the conduct alleged in the Exchange-Based Plaintiffs' Action; (2) claims for transactions purchased from one or more Non-OTC Defendant as alleged in the Green Pond Action arising from or relating to conduct that is alleged in the Green Pond Action; (3) claims concerning U.S. Dollar LIBOR-Based Debt Securities that were not issued or sold directly to the claimant by an OTC Defendant (or its subsidiaries or affiliates) arising from or relating to conduct that is alleged in the Non-OTC Bondholder Action; (4) claims arising solely under foreign law related to transactions outside the United States; or (5) claims to enforce any of the terms of this Agreement. Additionally, excluded from the release are any claims that Class Plaintiffs or any absent class members may have arising out of the purchase, sale or ownership of any U.S. Dollar LIBOR linked instruments that were not issued by a Defendant (or its subsidiaries or affiliates) or which were not directly purchased from a Defendant (or its subsidiaries or affiliates). For the avoidance of doubt, Released Claims does not include claims relating to or arising out of the purchase, sale, or ownership of non-U.S. Dollar LIBOR-Based Instruments or any other claims that do not arise out of the factual predicate of the OTC Action, such as a claim to complete the settlement or otherwise enforce the terms of a U.S. Dollar LIBOR-Based Instrument." ECF No. 2450-1 ¶ 2(hh).

Pursuant to paragraph 2(hh) of the HSBC Settlement Agreement "Released Claims" are defined as: "Any and all manner of claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or

their own costs, except as otherwise provided in the Settlements, provided that such dismissal shall not affect, in any way, the right of the Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

16. Any Opt-Outs that have timely and validly requested exclusion from either or both of the Classes and are hereby excluded from that Class, are not bound by this Final Judgment and Order as it relates to the relevant Settlement, and may not make any claim or receive any benefit from that Settlement, whether monetary or otherwise.

17. Upon the Effective Date, the Releasing Parties: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (b) shall be forever enjoined from prosecuting in any forum any Released Claim against

---

unsuspected, asserted or unasserted, arising from or relating in any way to any conduct alleged or that could have been alleged in and arising from the factual predicate of the OTC Action; provided, however, that Released Claims does not include (1) claims concerning Eurodollar futures contracts or options arising from or relating in any way to the conduct alleged in the Exchange-Based Plaintiffs' Action; (2) claims concerning U. S. Dollar LIBOR-linked instruments that were purchased from someone other than a Defendant (or a Defendant's subsidiaries or affiliates) as alleged in the Green Pond Action arising from or relating to conduct that is alleged in the Green Pond Action; (3) claims concerning U.S. Dollar LIBOR-Based Debt Securities that were not issued or sold directly to the claimant by a Defendant (or its subsidiaries or affiliates) arising from or relating to conduct that is alleged in the Non-OTC Bondholder Action; (4) claims arising solely under foreign law related to transactions entirely outside the United States; or (5) claims to enforce any of the terms of this Agreement. Additionally, excluded from the release are any claims that Plaintiffs or any absent class members may have arising out of the purchase, sale or ownership of any U. S. Dollar LIBOR-linked instruments that were not issued by a Defendant (or its subsidiaries or affiliates) or which were not directly purchased from a Defendant (or its subsidiaries or affiliates). For the avoidance of doubt, Released Claims does not include claims relating to or arising out of the purchase, sale, or ownership of non-U.S. Dollar LIBOR-Based Instruments or any other claims that do not arise out of the factual predicate of the OTC Action, such as a claim to complete the settlement or otherwise enforce the terms of a U.S. Dollar LIBOR-Based Instrument." ECF No. 2474-1 ¶ 2(hh). This term is subject to the limitations in paragraphs 18-19 *infra*.

any of the Released Parties; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

18. This Final Judgment and Order shall not affect, in any way, the right of the OTC Plaintiffs or OTC Class Members to pursue claims, if any, outside the scope of the Released Claims.

19. The Settlements, acts performed in furtherance of the Settlements and/or documents executed in furtherance of the Settlements may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by OTC Plaintiffs, OTC Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding.

20. The Settlements shall not be offered or be admissible in evidence against Released Parties in any action or proceeding, except in an action or proceeding that is in furtherance of the respective Settlement's terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlements may be filed in an action to enforce or interpret the terms of the respective Settlement and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlements and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Any order entered regarding the motion for attorneys' fees and expenses in this action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

22. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever. In the event a Settlement is terminated in accordance with its terms, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status as of the Execution Date without prejudice and shall comply with all applicable provisions of the Settlement Agreements including, without limitation, the provisions of paragraphs 9(b) and 13(c).

23. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of the Settlements and any award or distribution of monies under the claims-made Settlements; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to the OTC Plaintiffs; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlements.

24. To the extent permitted by law, the Court bars claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the OTC Action by way of any settlement, judgment or otherwise by any of the following:

    a. Any of the other Defendants currently named in the OTC Action;

      b.      Any other Person[14] formerly named as a party in the OTC Action; or

      c.      Any other Person subsequently added or joined as a party in the OTC Action.

25.    To the extent permitted by law, the Court bars claims by the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the OTC Action by way of any settlement, judgment or otherwise against any of the following:

      a.      Any of the other Defendants currently named in the OTC Action;

      b.      Any other Person formerly named as a party in the OTC Action; or

      c.      Any other Person subsequently added or joined as a party in the OTC Action.

26.    There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

    IT IS SO ORDERED.

DATED: _October 25_, 2018

                                                HON. NAOMI REICE BUCHWALD
                                                UNITED STATES DISTRICT JUDGE

---

[14]    Both Settlement Agreements define "Person" as: "An individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity, and any spouses, heirs, predecessors, successors, representatives, or assignees of the foregoing." ECF Nos. 2450-1 ¶ 2(ee), 2474-1 ¶ 2(ee).

## EXHIBIT A

## DEUTSCHE BANK AKTIENGESELLSCHAFT

1. Adams County, Wisconsin
2. Credit Union South
3. Flathead County, Montana
4. Federal National Mortgage Association ("Fannie Mae")
5. Banque Richelieu France
6. Komercijalna Banka AD Skopje
7. Telstra Corporation Limited
8. Darby Financial Products
9. Capital Ventures International
10. The City of Philadelphia
11. The Pennsylvania Intergovernmental Cooperation Authority
12. Prudential Investment Portfolios 2, f/k/a Dryden Core Investment Fund, o/b/o Prudential Core Short-Term Bond Fund and Prudential Core Taxable Money Market Fund
13. Salix Capital US, Inc.
14. Commonwealth Bank of Australia
15. Federal Deposit Insurance Corporation as Receiver for:
    a. Amcore Bank, N.A.
    b. AmTrust Bank
    c. BankUnited, F.S.B.
    d. California National Bank
    e. Colonial Bank
    f. Community Banks of Colorado
    g. Corus Bank, N.A.
    h. Downey Savings and Loan Association, F.A.
    i. Eurobank
    j. First Community Bank
    k. First Federal Bank of California, F.S.B.
    l. First National Bank
    m. First Regional Bank
    n. Frontier Bank
    o. Georgian Bank
    p. Guaranty Bank
    q. Hillcrest Bank
    r. Imperial Capital Bank
    s. IndyMac Bank, F.S.B.
    t. Integra Bank, N.A.
    u. Irwin Union Bank and Trust Company
    v. La Jolla Bank, F.S.B.
    w. Lydian Private Bank
    x. Midwest Bank and Trust Company
    y. Orion Bank

- z. Pacific National Bank
- aa. Park National Bank
- bb. PFF Bank & Trust
- cc. R-G Premier Bank of Puerto Rico
- dd. Riverside National Bank of Florida
- ee. San Diego National Bank
- ff. Silverton Bank, N.A.
- gg. Superior Bank
- hh. TierOne Bank
- ii. United Commercial Bank
- jj. United Western Bank
- kk. Washington Mutual Bank
- ll. Westernbank Puerto Rico

16. Federal Deposit Insurance Corporation Doral Bank
17. Bay Area Toll Authority
18. Certain Charles Schwab entities/funds, specifically:
    a. The Charles Schwab Corporation
    b. Charles Schwab Bank, N.A.
    c. Charles Schwab & Co., Inc.
    d. Schwab Money Market Fund, a series of The Charles Schwab Family of Funds
    e. Schwab Value Advantage Money Fund, a series of The Charles Schwab Family of Funds
    f. Schwab Retirement Advantage Money Fund, a series of The Charles Schwab Family of Funds
    g. Schwab Investor Money Fund, a series of The Charles Schwab Family of Funds
    h. Schwab Cash Reserves, a series of The Charles Schwab Family of Funds
    i. Schwab Advisor Cash Reserves, a series of The Charles Schwab Family of Funds
    j. Schwab U.S. Dollar Liquid Assets Fund, a series of Charles Schwab Worldwide Funds plc
    k. Schwab Short-Term Bond Market Fund, a former series of Schwab Investments
    l. Schwab Total Bond Market Fund, a former series of Schwab Investments
    m. Schwab YieldPlus Fund, a former series of Schwab Investments
    n. Schwab YieldPlus Fund Liquidation Trust
19. The Federal Home Loan Mortgage Corporation ("Freddie Mac")
20. Jerome A. Champion
21. Landshypotek Bank AB

## EXHIBIT B

### *HSBC BANK PLC*

1. Adams County, Wisconsin
2. Credit Union South
3. Flathead County, Montana
4. Banque Richelieu France
5. Komercijalna Banka AD Skopje
6. Telstra Corporation Limited
7. Prudential Investment Portfolios 2, f/k/a Dryden Core Investment Fund, o/b/o Prudential Core Short-Term Bond Fund and Prudential Core Taxable Money Market Fund
8. Commonwealth Bank of Australia
9. Federal Deposit Insurance Corporation as Receiver for:
    a. Amcore Bank, N.A.
    b. AmTrust Bank
    c. BankUnited, F.S.B.
    d. California National Bank
    e. Colonial Bank
    f. Community Banks of Colorado
    g. Corus Bank, N.A.
    h. Downey Savings and Loan Association, F.A.
    i. Eurobank
    j. First Community Bank
    k. First Federal Bank of California, F.S.B.
    l. First National Bank
    m. First Regional Bank
    n. Frontier Bank
    o. Georgian Bank
    p. Guaranty Bank
    q. Hillcrest Bank
    r. Imperial Capital Bank
    s. IndyMac Bank, F.S.B.
    t. Integra Bank, N.A.
    u. Irwin Union Bank and Trust Company
    v. La Jolla Bank, F.S.B.
    w. Lydian Private Bank
    x. Midwest Bank and Trust Company
    y. Orion Bank
    z. Pacific National Bank
    aa. Park National Bank
    bb. PFF Bank & Trust
    cc. R-G Premier Bank of Puerto Rico
    dd. Riverside National Bank of Florida
    ee. San Diego National Bank

  ff. Silverton Bank, N.A.
  gg. Superior Bank
  hh. TierOne Bank
  ii. United Commercial Bank
  jj. United Western Bank
  kk. Washington Mutual Bank
  ll. Westernbank Puerto Rico

10. Federal Deposit Insurance Corporation as Receiver for Doral Bank
11. Bay Area Toll Authority
12. Certain Charles Schwab entities/funds, specifically:
    a. The Charles Schwab Corporation
    b. Charles Schwab Bank, N.A.
    c. Charles Schwab & Co., Inc.
    d. Schwab Money Market Fund, a series of The Charles Schwab Family of Funds
    e. Schwab Value Advantage Money Fund, a series of The Charles Schwab Family of Funds
    f. Schwab Retirement Advantage Money Fund, a series of The Charles Schwab Family of Funds
    g. Schwab Investor Money Fund, a series of The Charles Schwab Family of Funds
    h. Schwab Cash Reserves, a series of The Charles Schwab Family of Funds
    i. Schwab Advisor Cash Reserves, a series of The Charles Schwab Family of Funds
    j. Schwab U.S. Dollar Liquid Assets Fund, a series of Charles Schwab Worldwide Funds plc
    k. Schwab Short-Term Bond Market Fund, a former series of Schwab Investments
    l. Schwab Total Bond Market Fund, a former series of Schwab Investments
    m. Schwab YieldPlus Fund, a former series of Schwab Investments
    n. Schwab YieldPlus Fund Liquidation Trust
13. The Federal Home Loan Mortgage Corporation ("Freddie Mac")
14. Jerome A. Champion
15. Landshypotek Bank AB