```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
In re:
                                              MEMORANDUM AND ORDER
LIBOR-Based Financial Instruments
Antitrust Litigation                          11 MD 2262 (NRB)

This Document Applies to:

   National Credit Union Administration
   Board v. Credit Suisse Group AG, et al.    13 Civ. 7394

   OTC Plaintiff Action                       11 Civ. 5450

-------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On July 10, 2019, this Court issued a Memorandum and Order which rejected NCUA's motion to exclude itself belatedly from four settlements and the OTC Litigation class. See In re LIBOR-Based Fin. Instruments Antitrust Litig., 11 MD 2262 (NRB), 2019 WL 3006262 (S.D.N.Y. July 10, 2019). The decision concluded as follows:

> As we noted at the outset of this opinion, NCUA failed to exclude itself from the four settlements and the Litigation Class despite direct mail, multiple notices in the financial press, and dozens of ECF notifications.[1] To find on these facts that NCUA has demonstrated a showing of "excusable neglect" or affirmatively expressed its intent to opt out by "actively litigating" its individual action would effectively write those legal standards out of the law. We decline to do so.

Id. at *7.

---

[1] NCUA was represented by two law firms, Kellogg Hansen Todd Figel & Frederick PLLC and Stueve Siegel Hanson LLP, with a total of six lawyers receiving ECF notices.

1

Rather than endeavor to reargue or appeal the decision, NCUA submitted two unusual documents.

The first was titled "Stipulation and Order of Dismissal with Prejudice of Barclays Bank PLC, Barclays Capital, Inc. [(together, 'Barclays')], and Deutsche Bank AG" ("Deutsche Bank"), signed by NCUA's counsel, Kellogg Hansen, and counsel for the defendants.  ECF No. 2959.  The last sentence read: "NCUA reserves its right to appeal."  As this last sentence seemed totally out of place in the context of a voluntary dismissal with prejudice, the undersigned asked her law clerk to call NCUA's counsel to obtain clarification as to why the sentence appeared in the stipulation of dismissal.  Having not received a sufficient verbal explanation, a written one was requested.

The next communication that we received was from Kellogg Hansen alone and was a proposed order of dismissal with prejudice, the fifth recital of which withdrew the proposed stipulation and order described in the previous paragraph.  ECF No. 2964.  While the first and third recitals were accurate descriptions of earlier filings, the second recital was misleading, at least to the extent that it suggested that the July 10, 2019 opinion dismissed as a matter of law NCUA's claims against Barclays and Deutsche Bank.  The opinion did no such thing.  Instead, it denied NCUA's motion to be excused from its

2

own failure to exclude itself from four settlements, including ones with Barclays and Deutsche Bank. We note the incongruity between the assertion in the second recital that, by virtue of four earlier decisions in this case, "each of NCUA's claims against Barclays and Deutsche Bank has been dismissed as a matter of law," and the request in the same proposed order that the Court "ORDER[ ] that NCUA's claims against Barclays and Deutsche Bank are dismissed with prejudice from the direct action Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG, et al., 13-cv-07394."

The fourth whereas clause ("NCUA preserves its rights to appeal any of the aforementioned orders and to argue that certain of NCUA's claims are no longer dismissed as a matter of law pending the result of the outcome of the aforementioned appeal") beyond stating that which has no need to be said, namely, that this Court is bound by any decision of the Court of Appeals, is an apparent effort by NCUA to transform the July 10, 2019 opinion from a non-appealable order into an appealable one.

Accordingly, the Court declines to sign the proposed order.

Dated:   New York, New York
         October 24, 2019

                                          NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE