```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:
                                          MEMORANDUM & ORDER
LIBOR-Based Financial Instruments
Antitrust Litigation                      11 MD 2262 (NRB)

This Document Applies to:

  National Credit Union Administration
  Board v. Credit Suisse Group AG, et al.  13 Civ. 7394

  OTC Plaintiff Action                     11 Civ. 5450

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Upon further reflection and additional review of the record in this case, the Court withdraws its memorandum dated November 5, 2019, ECF No. 3001, based on its determination that no order is warranted.[1] As the parties are aware, the origin of the recent back-and-forth is reflected in Steptoe & Johnson's letter dated June 27, 2019. See ECF No. 2890 § I.C. In that letter, settling defendants Barclays, Citi, and Deutsche Bank proposed moving to dismiss claims asserted against them in NCUA's amended complaint based on the releases they had received when the Court entered judgments approving the class settlements in the OTC action. Further, the settling defendants submitted that such a motion might prove unnecessary if NCUA's then-pending motion to

---

[1] This letter is the latest in a series of communications. See ECF Nos. 3001 (Nov. 5, 2019), 2999 (Oct. 29, 2019), 2998 (Oct. 29, 2019), 2994 (Oct. 24, 2019), 2964 (Aug. 21, 2019), 2959 (Aug. 13, 2019). Accordingly, the Court does not use full descriptives of the parties.

1

be excused from its failure to timely seek exclusion from the settlements was denied.

After the filing of that letter, the Court issued its decision on NCUA's motion on July 10, 2019. That decision determined that NCUA's motion should be considered as a Rule 60(b) motion, i.e. one seeking relief from judgments already entered. The treatment of NCUA's motion under Rule 60(b) is of significance in several ways. The denial of NCUA's motion meant that the settlements, the related releases and the subsequent judgments were binding on NCUA when they were entered. Thus, when NCUA filed its amended pleading on April 12, 2019 reciting claims against the settling defendants, it had already released the claims it sought to include in that pleading. The July 10, 2019 decision simply left the status quo in place.

Thus, any order (such as the one proposed) implying that the July 10, 2019 Memorandum and Order dismissed any claims would be inaccurate because the operative documents were the pre-existing judgments. No further order is necessary. The Court regrets any additional work that was required of counsel because it did not reach this decision sooner.

Dated: New York, New York
December 3, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE