# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 (NRB)<br><br>Honorable Naomi Reice Buchwald |
| THIS DOCUMENT RELATES TO: | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CREDIT SUISSE AG, et al.,<br><br>　　　　　Defendants. | No. 11-cv-5450 (NRB) |

**MEMORANDUM OF LAW IN SUPPORT OF OTC PLAINTIFFS' MOTION TO AUTHORIZE AMENDED DISTRIBUTION OF THE BARCLAYS, CITIBANK, DEUTSCHE BANK, AND HSBC NET SETTLEMENT FUNDS TO CLAIMANTS AND <u>REIMBURSEMENT OF ADDITIONAL CLAIMS ADMINISTRATION EXPENSES</u>**

Pursuant to Federal Rule of Civil Procedure 60(b), Class Counsel respectfully requests that the Court amend its order authorizing the distribution of the net settlement funds in the class settlements reached by OTC Plaintiffs with Barclays Bank plc ("Barclays"), Citibank N.A. and Citigroup, Inc. ("Citi"), Deutsche Bank Aktiengesellschaft ("Deutsche Bank"), and HSBC Bank plc ("HSBC") (the "Settlements"), *see* Dkt. 3294 ("Distribution Order"), to account for two claims that had been inadvertently excluded from the prior distribution. That rule permits the Court to alter a judgment or order under certain circumstances, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). It also includes a residual provision for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), which "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). Because these two claims were excluded from the distribution due to processing errors not primarily attributable to the claimants, and because the claims would have been otherwise allocated $254,117 and $68,484, *see* Declaration of S. Ilan Guedj in Support of OTC Plaintiffs' Motion to Authorize Amended Distribution of the Barclays, Citibank, Deutsche Bank, and HSBC Net Settlement Funds to Claimants and Reimbursement of Additional Claims Administration Expenses ("Guedj Decl.") ¶ 5; *see also* Guedj Decl., Ex. 1, it would be within the district court's discretion and serve the interests of justice to authorize distribution in accordance with the amended *pro rata* determinations submitted herewith.

* * *

On July 12, 2021, this Court entered an order authorizing distribution of the net settlement funds from the four Settlements and the reimbursement of certain expenses incurred by Class Counsel for the efforts of Claims Administrator Rust Consulting, Inc. ("Rust") and

Bates White LLC ("Bates White") in connection with claims administration. *See* Dkt. 3294. After that Distribution Order was entered, Rust received inquiries from various claimants, including certain third-party filers, regarding their allocations from the Settlements. *See* Declaration of Amy L. Lake in Support of OTC Plaintiffs' Motion to Authorize Amended Distribution of the Barclays, Citibank, Deutsche Bank, and HSBC Net Settlement Funds to Claimants and Reimbursement of Additional Claims Administration Expenses ("Lake Decl.") ¶ 3. Several of these inquiries contested the allocations that had been approved for the claimant, or in the case of third-party filers, the allocations that had been approved for one or more of the third-party filer's clients. *See id.* ¶¶ 3, 11. Other inquiries simply asked questions or requested information about a claim or Rust's determinations with respect to the underlying claimed transactions, to which Rust provided responses, with assistance from Bates White, if needed. *See id.*

After investigating each inquiry, Rust determined that there were two instances in which a claim had been inadvertently excluded from the approved distribution due to a processing error. *See id.* ¶¶ 4-8. Both instances involved a third-party filer with a client who was not slated to receive any distribution pursuant to the proposed allocation that the Court approved in its Distribution Order. *See id.* ¶¶ 4-5; *see also* Dkt. 3297-1 ("Approved Distribution"). In the first instance, the transactional data submitted to Rust by a third-party filer on behalf of its client had been inadvertently mislabeled due to a clerical oversight, and as a result, no transactions had been attributed to that claim, leading to a $0 distribution pursuant to the Approved Distribution. *See* Lake Decl. ¶¶ 4, 7. In the second instance, a claimant who originally had submitted a claim directly to Rust hired a third-party filer during the claims administration process to manage the claim going forward. *See id.* ¶¶ 5, 8. However, due a clerical oversight, that third-party filer was

inadvertently not linked to the claimant in Rust's database. *See id.* ¶ 8. Transactional data submissions by the third-party filer on behalf of the claimant therefore were not attributed to the claim, leading similarly to a $0 distribution. *Id.*

After discovering these errors and in consultation with Class Counsel, Rust provided the previously misplaced transactional data submitted by these two third-party filers to Bates White for processing and validation. *See id.* ¶ 9. Rust then prepared notifications for both claimants reflecting these data submissions that identified errors in the claim or underlying transactions, similar to the notifications previously provided to claimants in December 2020 and January 2021. *See id.*; *see also* Dkt. 3298 ¶ 25. Both claimants, through the third-party filers acting on their behalf, were provided with an opportunity to correct these identified errors, and their responses were provided to Bates White to process and incorporate into an amended proposed distribution. *See* Lake Decl. ¶¶ 9-10. That amended proposed distribution is submitted as Exhibit 1 to the Guedj Declaration.

Rust also received and investigated numerous additional inquiries received after the entry of the Distribution Order, including inquiries from both of the aforementioned third-party filers concerning other clients. *See* Lake Decl. ¶ 11. Rust, in consultation with Class Counsel, determined that no other changes to the Approved Distribution should be made, as the issues contained in those inquiries—none of which were primarily attributable to a clerical oversight by the Claims Administrator—had not been raised by claimants in response to the notifications they previously received. *See id.* Rust has communicated these determinations to the entities involved, and no entity has indicated that it would seek to challenge those determinations before this Court. *See id.* ¶ 11. As such, the Claims Administrator will promptly cause the distribution to be made upon the Court's order approving the amended proposed distribution.

Finally, the Court previously authorized the reimbursement of expenses associated with the claims administration process. *See* Dkt. 3300 ¶¶ 3-4. None of those approved expenses have yet been disbursed. *See* Declaration of Geng Chen in Support of OTC Plaintiffs' Motion to Authorize Amended Distribution of the Barclays, Citibank, Deutsche Bank, and HSBC Net Settlement Funds to Claimants and Reimbursement of Additional Claims Administration Expenses ("Chen Decl.") ¶ 5. As the various claimant inquiries received by Rust after the entry of the Distribution Order are now resolved, Class Counsel intends to proceed with the disbursement of the previously approved amounts set forth at paragraphs 3 and 4 of the Distribution Order forthwith. *See* Dkt. 3300 ¶¶ 3-4. Furthermore, although the prior approved amounts included estimated costs for Bates White's services through the end of the distribution process, *see* Dkt. 3297 ¶ 35, in light of the unexpected costs associated with processing and validating the transactional data associated with the two claimants discussed above, as well as re-calculating the *pro rata* allocation to account for these two claimants' valid transactions, Class Counsel respectfully requests that the Court authorize an additional reimbursement of $65,711.25 for actual Bates White expenses incurred after the submission of the original Motion for Distribution. *See* Guedj Decl. ¶ 6. This additional amount also reflects Bates White's assistance in investigating the numerous claimant inquiries—some of which were extensive—for which the Claims Administrator does *not* recommend any changes to the Approved Distribution, as well as assistance in responding to claimant requests for information regarding the transactions underlying their claims. *See id.*; *see also* Lake Decl. ¶ 11. Class Counsel also respectfully requests that the Court authorize reimbursement of up to $35,000 in estimated additional costs for Bates White's services through the end of the distribution process, to be disbursed as incurred. *See* Guedj Decl. ¶ 6. Class Counsel does not seek any additional

5

reimbursement for the services of the Claims Administrator in connection with the amended proposed distribution or for the remainder of the distribution process.

\* \* \*

For the foregoing reasons, Class Counsel respectfully requests that the Court enter the amended proposed order attached to this motion and authorize the amended proposed distribution for the Settlements between the OTC Plaintiffs and Barclays, Citi, Deutsche Bank, and HSBC, and the reimbursement of an additional $65,711.25 for actual expenses incurred and up to $35,000 for estimated expenses through the end of the distribution process.

Dated: December 1, 2021

By:   /s/ Michael D. Hausfeld                 /s/ William Christopher Carmody

Michael D. Hausfeld
Hilary Scherrer
Nathaniel C. Giddings
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
mhausfeld@hausfeld.com
hscherrer@hausfeld.com
ngiddings@hausfeld.com

Gary I. Smith, Jr.
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270
Facsimile: (215) 985-3271
gsmith@hausfeld.com

William Christopher Carmody (WC8478)
Arun Subramanian (AS2096)
Seth Ard (SA1817)
Geng Chen (GC2733)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Telephone: (212) 336-3330
Facsimile: (212) 336-8340
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com
sard@susmangodfrey.com
gchen@susmangodfrey.com

Marc M. Seltzer
Glenn C. Bridgman
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
gbridgman@susmangodfrey.com

Matthew Berry
Drew D. Hansen
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
dhansen@susmangodfrey.com

Barry C. Barnett (BB1984)
Karen Oshman
Michael Kelso
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
bbarnett@susmangodfrey.com
koshman@susmangodfrey.com
mkelso@susmangodfrey.com

*Co-Lead Class Counsel for the OTC Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 1, 2021, I caused the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Southern District of New York, on all parties registered for CM/ECF in the above-captioned matter.

Dated: December 1, 2021

                                                                      */s/ Geng Chen*
                                                                       Geng Chen