**HAUSFELD.**

March 21, 2025

**VIA ELECTRONIC MAIL**

Roger B. Cowie
Troutman Pepper Locke LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
roger.cowie@troutman.com

33 Whitehall Street
14th Floor
New York, NY 10004

**SCOTT A. MARTIN**
**PARTNER**

E smartin@hausfeld.com
T +1 646 357 1100
DD +1 646 357 1195

RE:   *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-md-2262-NRB

Dear Roger:

This letter and your countersignature below will confirm the agreement between HSBC Bank plc ("HSBC") and plaintiffs Mayor and City Council of Baltimore, City of New Britain, Vistra Energy Corp., Yale University, and Jennie Stuart Medical Center, Inc. (collectively, the "OTC Plaintiffs") to extend the period for document authentication and business records declarations, as provided in Sections 14(h)(v)(d) and (h)(vii)(a) of the Settlement Agreement dated February 15, 2018, between HSBC and the OTC Plaintiffs (together, the "Parties") in the above-referenced action (the "LIBOR Litigation").

For good order's sake, the Parties agree as follows:

WHEREAS, Section 14(h)(v)(d) of the Parties' Settlement Agreement provides that HSBC "shall provide a business record or authenticity declaration as to any documents produced by HSBC pursuant to this Settlement Agreement or any other process" and Section 14(h)(vii)(a) provides that HSBC "will use its reasonable best efforts to make current HSBC employees available to provide declarations, certifications, or affidavits regarding the authentication of documents, including their certification as records of a regularly conducted activity pursuant to Federal Rule of Evidence 803(6)";

WHEREAS, the Parties executed the Settlement Agreement in 2018, and the LIBOR Litigation is continuing against certain other defendants and remains in the summary judgment phase following, *inter alia*, the reinstatement of claims against numerous defendants and an unforeseen global pandemic;

WHEREAS, HSBC's obligations under Sections 14(h)(v)(d) and (h)(vii)(a) would otherwise sunset this year under the terms of the original Settlement Agreement, *i.e.*, seven (7) years after preliminary approval of the settlement; and

WHEREAS, the Parties have agreed that it would be premature to provide authentication and business records declarations until a time closer to trial in the LIBOR Litigation, when the OTC Plaintiffs may prepare revised requests directed to such documents as they believe in good faith at that time may be needed for prosecution of the litigation against such defendants as ultimately may remain, if any;

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA |
SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC

NOW, THEREFORE, the Parties hereby agree that the provisions of Sections 14(h)(v)(d) and (h)(vii)(a) of the Parties' Settlement Agreement shall remain in force until the earlier of April 5, 2028, or the entry of final judgment against the last remaining defendant in the LIBOR Litigation. All other terms of the Parties' Settlement Agreement shall remain unaffected.

Very truly yours,

Scott A. Martin
*For OTC Plaintiffs and the Class*

ACCEPTED AND AGREED:

Roger B. Cowie
*For HSBC Bank plc*

2